## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311 Honorable Marianne O. Battani |
| In Re: BEARINGS CASES | |
| THIS DOCUMENT RELATES TO: | S:12-cv-00502-MOB-MKM |
| ALL DEALERSHIP ACTIONS | **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: | S:12-cv-00503-MOB-MKM |
| ALL END PAYOR ACTIONS | **Oral Argument Requested** |

## SKF USA INC.'S MOTION TO DISMISS
## THE DEALERSHIP AND END-PAYOR COMPLAINTS

Defendant SKF USA Inc. ("SKF USA"), by and through counsel, hereby moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan to dismiss the Dealership Consolidated Class Action Complaint ("Dealership CAC") (Doc. No. 67) and the End-Payors' Corrected Consolidated Amended Class Action Complaint ("EP CAC") (Doc. No. 69-1) (collectively, the "Complaints" or "Indirect Purchaser Plaintiffs' Complaints") for failure to state a claim upon which relief can be granted. In support of the foregoing Motion, SKF USA states as follows:

1.      This Motion is based on the grounds discussed below; the Brief in Support of the Motion contained herein; Defendants' Joint Motion to Dismiss the Dealership Consolidated Class Action Complaint and the End-Payors' Corrected Consolidated Class Action Complaint; the complete files in these consolidated actions; the arguments of counsel; and other further matters as this Court may consider.

2.      As required by Eastern District of Michigan Local Rule 7.1(a), counsel for SKF USA sought concurrence from counsel for the End-Payor Plaintiffs on December 2, 2013 and

counsel for the Automobile Dealer Plaintiffs on December 2, 2013, via telephone conferences.

During those calls, counsel for SKF USA explained the nature of this Motion and its legal basis

and requested, but did not obtain, concurrence in the relief sought (i.e., dismissal of Indirect

Purchaser Plaintiffs' Complaints).

   WHEREFORE, Defendant SKF USA respectfully requests that the Court issue an order

GRANTING this Motion to Dismiss with prejudice and awarding SKF USA such other and

further relief as the Court deems just.

            Respectfully submitted,

            REED SMITH LLP

            By: s/ Debra H. Dermody
             Debra H. Dermody

             225 Fifth Avenue
             Pittsburgh, PA  15222
             Telephone:  (412) 288-3302
             Fax:  (412) 288-3063
             Email:  ddermody@reedsmith.com

            DYKEMA GOSSETT PLLC

            By: s/  Howard B. Iwrey
             Howard B. Iwrey (P39635)
             Brian M. Moore (P58584)
             39577 Woodward Avenue
             Bloomfield Hills, Michigan 48304
             Telephone:  (248) 203-0526
             Fax:  (248) 203-0763
             Email:  hiwrey@dykema.com
               bmoore@dykema.com

            *Attorneys for Defendant*
            *SKF USA Inc.*

Dated:  December 2, 2013

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311<br>Honorable Marianne O. Battani |
| In Re: BEARINGS CASES | |
| THIS DOCUMENT RELATES TO: | S:12-cv-00502-MOB-MKM |
| ALL DEALERSHIP ACTIONS | **Oral Argument Requested** |
| THIS DOCUMENT RELATES TO: | S:12-cv-00503-MOB-MKM |
| ALL END PAYOR ACTIONS | **Oral Argument Requested** |

# BRIEF IN SUPPORT OF SKF USA INC.'S
# <u>MOTION TO DISMISS</u>

## STATEMENT OF THE ISSUES

1.      Whether under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and related, controlling Sixth Circuit precedent, the Indirect Purchaser Plaintiffs have alleged facts sufficient to meet the standard for pleading an antitrust conspiracy as to SKF USA Inc.

2.      Whether the End-Payors' Corrected Consolidated Amended Class Action Complaint fails to state a claim against SKF USA because it is not named in any of the claims for relief.

## <u>MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

1.      **Insufficiency of Indirect Purchaser Plaintiffs' Complaints under *Bell Atlantic Corp. v. Twombly***

       *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

       *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

       *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)

       *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896 (6th Cir. 2009)

       Fed. R. Civ. P. 12(b)(6)

2.      **Failure of the End-Payor Plaintiffs to Name SKF USA in Any Count**

       *Tran v. Mich. Dep't of Human Servs.*, No. 2:07-cv-13232, slip op. at 3, 5 (E.D. Mich. Mar. 24, 2008) (Doc. # 111), *adopted* 2008 WL 1793940 (E.D. Mich. Apr. 18, 2008)

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

INTRODUCTION ..............................................................................................................1

ARGUMENT ...................................................................................................................2

I.    The IPPs' Complaints Fail To State A Claim Against SKF USA Under *Twombly*
      And Must Be Dismissed. ...................................................................................2

      A.    The IPPs' Complaints Lack Sufficient Factual Allegations To State A
            Claim Against SKF USA ...........................................................................2

      B.    Other Defendants' Guilty Pleas Provide No Basis For An Inference
            Against SKF USA ......................................................................................6

II.   SKF USA Must Be Dismissed from the End-Payor Action Because the Complaint
      Fails to Name SKF USA in Any Count. ............................................................9

CONCLUSION...............................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................... 6

*Carrier Corp. v. Outokumpu Oyj*,
  673 F.3d 430 (6th Cir. 2012) ....................................................................... 2

*Dang v. Quicken Loans*,
  No. RDB-12-3342, 2013 WL 1683910 (D. Md. Apr. 17, 2013) ............................. 10

*Expert Masonry, Inc. v. Boone Cnty., Ky.*,
  440 F.3d 336 (6th Cir. 2006) ....................................................................... 3

*George Haug Co. v. Rolls Royce Motor Cars, Inc.*,
  148 F.3d 136 (2d Cir.1998) .......................................................................... 3

*Hinds Cnty. v. Wachovia Bank N.A.*,
  620 F. Supp. 2d 499 (S.D.N.Y. 2009) ......................................................... 5

*In re Auto. Parts Antitrust Litig. – Direct Purchaser Cases*,
  12-MD-02311, 2:12-cv-00101, 2013 WL 2456584 (E.D. Mich. June 6, 2013)..................... 3, 6

*In re Auto. Parts Antitrust Litig. – Indirect Purchaser Cases*,
  12-MD-02311, 2:12-cv-00102/103, 2013 WL 2456612 (E.D. Mich. June 6, 2013).......... 2, 4, 6

*In re Elevator Antitrust Litig.*,
  502 F.3d 47 (2d Cir. 2007) ........................................................................... 5

*In re Graphics Processing Units Antitrust Litig.*,
  527 F. Supp. 2d 1011 (N.D. Cal. 2007)..................................................... 5, 9

*In re Iowa Ready-Mix Concrete Antitrust Litig.*,
  768 F. Supp. 2d 961 (N.D. Iowa 2011)...................................................... 9

*In re Penn. Title Ins. Antitrust Litig.*,
  648 F. Supp. 2d 663 (E.D. Pa. 2009) ......................................................... 8

*In re Refrigerant Compressors Antitrust Litig*,
  2:09-MD-02042, 2012 WL 2114997 (E.D. Mich. June 11, 2012) ........................... 5

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
  586 F. Supp. 2d 1109 (N.D. Cal. 2008)..................................................... 8

*In re Travel Agent Comm'n Antitrust Litig.*,
  583 F.3d 896 (6th Cir. 2009) ................................................................. 1, 4, 6

*In re Travel Agent Comm'n Antitrust Litig.*,
  No. 1:03 cv 30000, 2007 WL 3171675 (N.D. Ohio Oct. 29, 2007) ........................... 6

*Invamed, Inc. v. Barr Laboratories, Inc.*,
   22 F. Supp. 2d 210 (S.D.N.Y. 1998) ..................................................................... 8

*Keane v. Navarro*,
   345 F. Supp. 2d 9 (D. Mass. 2004) ...................................................................... 10

*McNamara v. Guinn*,
   No. 99-2853, 2000 WL 1222128 (N.D. Ill. Aug. 23, 2000) ................................. 10

*Mich. Div. Monument Builders v. Mich. Cemetery Ass'n*,
   458 F. Supp. 2d 474 (E.D. Mich. 2006).................................................................. 3

Rep. & Rec., *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd.*,
   08-CV-42 (E.D.N.Y. Jan. 4, 2011) ........................................................................ 8

*Servpro Indus., Inc. v. Schmidt*,
   905 F. Supp. 475 (N.D. Ill. 1995) ....................................................................... 10

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,
   552 F.3d 430 (6th Cir. 2008) ......................................................................... 1, 3

*Tran v. Mich. Dep't of Human Servs.*,
   No. 2:07-cv-13232 (E.D. Mich. Mar. 24, 2008), *adopted* 2008 WL 1793940 (E.D. Mich. Apr.
   18, 2008) ............................................................................................................ 10

*Tucker v. Thomas*,
   853 F. Supp. 2d 576 (N.D.W.Va. 2012) ............................................................... 10

*United States of America v. JTEKT Corporation*,
   13-cr-00104-HJW (S.D. Oh. September 26, 2013) ................................................. 7

*United States of America v. NSK Ltd.*,
   13-cr-00103-HJW, Doc. 3 (S.D. Oh. September 26, 2013)...................................... 7

SKF USA Inc. ("SKF USA") submits this brief in support of its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Eastern District of Michigan to dismiss the Dealership Consolidated Class Action Complaint ("Dealership CAC") (Doc. No. 67) and the End-Payors' Corrected Consolidated Amended Class Action Complaint ("EP CAC") (Doc. No. 69-1) (collectively, the "Complaints" or "Indirect Purchaser Plaintiffs' (IPPs') Complaints") for failure to state a claim upon which relief can be granted. SKF USA also joins in Defendants' Collective Motion to Dismiss the End-Payors' Corrected Consolidated Amended Class Action Complaint and the Automobile Dealers' Consolidated Class Action Complaint. The Direct Purchaser plaintiffs did not name SKF USA as a defendant in the Direct Purchaser Actions. SKF USA files this separate motion to highlight the reasons the IPPs' Complaints should be dismissed as to SKF USA specifically.

## INTRODUCTION

IPPs' Complaints fail to allege sufficient facts to plausibly connect SKF USA to a conspiracy to fix prices for automotive bearings. The Complaints contain nothing more than generic, conclusory, allegations of conspiracy and provide no competent factual allegations regarding any unlawful conduct or agreement involving SKF USA.

IPPs' conspiracy claims against SKF USA, which have far less factual support than those in the *Wire Harnesses* cases, cannot be sustained by group allegations against "defendants" generally, according to controlling Sixth Circuit precedent. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009) ("*Travel Agent II*"). Indeed, the Sixth Circuit has directed district courts to determine whether plaintiffs have alleged sufficient "specifics as to the role each [defendant] played in the alleged conspiracy." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008).

Significantly, the plea agreements entered by certain other manufacturers of bearings who

are defendants in this case, after the Complaints were filed, do not remedy IPPs' deficient claims against SKF USA. Indeed, they further support SKF USA's motion. These plea agreements specified only narrow conspiracies related to bearings sales to Japanese automobile and component manufacturers. The IPPs' Complaints, however, fall far short of identifying sufficient facts to connect SKF USA to those conspiracies.

The IPPs have put forth no allegations that could support a plausible inference of participation in any anticompetitive agreement by SKF USA. The End-Payor Plaintiffs have also failed to name SKF USA in any count in their Complaint. Accordingly, the IPPs' Complaints should be dismissed in their entirety as to SKF USA.

## ARGUMENT

I.  **THE IPPs' COMPLAINTS FAIL TO STATE A CLAIM AGAINST SKF USA UNDER *TWOMBLY* AND MUST BE DISMISSED.**

A.  **THE IPPs' COMPLAINTS LACK SUFFICIENT FACTUAL ALLEGATIONS TO STATE A CLAIM AGAINST SKF USA**

The Sixth Circuit requires that, "[t]o survive a motion to dismiss", conspiracy allegations "must be specific enough to establish the relevant 'who, what, where, when, how or why'" and that they "specify how [each] defendant [was] involved in the alleged conspiracy." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 445 (6th Cir. 2012). The allegations here with respect to SKF USA are significantly weaker than the Indirect Purchaser Plaintiffs' in *In re Wire Harnesses* and, fundamentally, are insufficient to inform SKF USA of the wrongdoing it is alleged to have committed. *In re Auto. Parts Antitrust Litig. – Indirect Purchaser Cases*, 12-MD-02311, 2:12-cv-00102/103, 2013 WL 2456612 at *6-7 (E.D. Mich. June 6, 2013) ("*Wire Harnesses II*") (Exhibit A). In fact, the scant mentions of SKF USA paint it as something of an afterthought, which IPPs half-heartedly attempt to lump with their core allegations related to activities among Japanese bearings suppliers with respect to sales to Japanese auto makers.

A viable Sherman Act Section 1 claim must include allegations that the defendant "engaged in a conspiracy, combination, or contract." *Expert Masonry, Inc. v. Boone Cnty., Ky.*, 440 F.3d 336, 342-43 (6th Cir. 2006). "[I]t is not ... proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged." *George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir.1998) (internal quotation omitted). The IPPs' Complaints include barely any specific reference to SKF USA and lack any allegations that could support a plausible inference that SKF USA met with other defendants to form a conspiracy, agreed to fix prices, and then charged their customers supracompetitive prices. The few allegations that do reference SKF USA, even viewed in light of the vague, blanket allegations against "Defendants", are plain vanilla statements of its business locations and sales that cannot support a reasonable inference as to SKF USA on any of the elements of a Section 1 claim. *See, e.g., Total Benefits*, 552 F.3d at 436.

Although, as this Court observed in *Wire Harnesses I*, "detailed allegations about the involvement of each Defendant are not needed[,]" *In re Auto. Parts Antitrust Litig. – Direct Purchaser Cases*, 12-MD-02311, 2:12-cv-00101, 2013 WL 2456584 at *7 (E.D. Mich. June 6, 2013) ("*Wire Harnesses I*") (Exhibit B), the IPPs' Complaints here are devoid of *any* allegations regarding SKF USA's "involvement" in the alleged conspiracy. And the Sixth Circuit has made clear that it requires more than the broad, group references to "Defendants" contained in the Complaints. *See Mich. Div. Monument Builders v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006), *aff'd* 524 F.3d 726 (6th Cir. 2008) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual . .

- 3 -

. defendant.").  As the Supreme Court recognized in *Iqbal*, Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Consistent with *Iqbal*, the Sixth Circuit concluded in *Total Benefits* that "[g]eneric pleading, alleging misconduct against defendants without specifics as to the role each played in the alleged conspiracy, was specifically rejected under *Twombly*."  552 F.3d at 436.  Likewise, the Sixth Circuit stated in *Travel Agent II* that "reliance on . . . indeterminate assertions [against generic 'defendants' and 'defendants' executives'] is misplaced because they represent precisely the type of naked conspiratorial assertions rejected by the Supreme Court in *Twombly*."  583 F.3d at 905.  When evaluated against the controlling standard, IPPs' allegations directed at SKF USA are plainly deficient.

The Complaints do not contain the requisite allegations as to SKF USA of the type that this Court found were sufficient to survive dismissal in *Wire Harnesses II*.  *See* 2013 WL 2456612 at *6-7 (discussing guilty plea admissions).  With respect to SKF USA, IPPs have alleged only the following actions:

- SKF USA sold bearings that were purchased (they do not allege by whom) in the United States during the Class Period.  EP CAC at ¶ 91; Dealership CAC at ¶¶ 134 and 137-38.

- SKF (they do not identify which SKF entity) was being investigated by the DOJ regarding possible antitrust violations. Dealership CAC at ¶ 185.  (The EP CAC contains no allegations regarding a DOJ investigation involving SKF USA.)

- SKF USA was under the "control and direction" of AB SKF.  EP CAC at ¶ 91; Dealership CAC at ¶ 134.

- "SKF" and other defendants are members of the World Bearing Association.  EP CAC at ¶ 160; Dealership CAC at ¶ 176.

These are precisely the type of unadorned and vague allegations that cannot support a plausible inference of conspiracy under *Twombly* and *Iqbal* and should not open SKF USA to the cost and burden of discovery.  *See In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 908-

- 4 -

09 ("Pursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement before parties are forced to engage in protracted litigation and bear excessive discovery costs."). There is not a single allegation of SKF USA's particular involvement in the alleged conspiracy.

The allegations that SKF USA sold bearings in the U.S. fail for the fundamental reason that they do not connect the sale of allegedly overpriced automotive bearings by SKF USA to IPPs. Allegations, like those in the Complaint, simply stating that SKF USA sold bearings in the U.S. are insufficient. *See Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512 (S.D.N.Y. 2009) ("[A]llegations [that] merely aver that ... Defendants were involved in the sale" of the product at issue are "insufficient to state a § 1 claim[.]"). *See* EP CAC at ¶ 91; Dealership CAC at ¶¶ 134 and 137-38.

IPPs' general allegations of the existence of investigations cannot save a factually deficient complaint from dismissal. *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) (recognizing that a DOJ investigation "carries no weight in pleading an antitrust conspiracy claim" because "[i]t is unknown whether the investigation will result in indictments or nothing at all"). IPPs have not alleged that SKF USA has been charged with or pled guilty to any wrongdoing in any jurisdiction, and the fact that other investigations may exist does not support an inference that SKF USA violated any law, much less participated in a conspiracy affecting the United States. *In re Elevator Antitrust Litig.,* 502 F.3d 47, 51 n.6 (2d Cir. 2007) (allegations of foreign investigation merely suggest "if it happened there, it could have happened here."); *In re Refrigerant Compressors Antitrust Litig.*, 2:09-MD-02042, 2012 WL 2114997 at *6 (E.D. Mich. June 11, 2012)  at *6 (Exhibit C); *In re Travel Agent Comm'n Antitrust Litig.,* No. 1:03 cv 30000, 2007 WL 3171675 at *11-12 (N.D.

- 5 -

Ohio Oct. 29, 2007) ("*Travel Agent I*") (previous and ongoing investigations cannot support sufficiency of conspiracy allegations) (Exhibit D).

Similarly, the vague allegations that "SKF" – IPPs again fail to specify which entity – was a member of the World Bearing Association does not support an inference that SKF USA participated in the broad conspiracy IPPs allege.  IPPs fail to identify any specific meeting or activity of that Association that any individual from SKF USA purportedly attended or joined. At best, this amounts to nothing more than a "mere opportunity" to conspire, which courts have regularly rejected as sufficient to plausibly support an inference of conspiracy.  *See Twombly*, 550 U.S. at 567, n.12 (trade association membership does not evidence participation in conspiracy); *Travel Agent II,* 583 F.3d at 905, 911 (defendants' opportunities to conspire through participation in trade association not sufficient evidence of conspiracy).

Because the allegations as to SKF USA provide no basis for inferring that it was a party to the broad conspiracy alleged, or even that it sold bearings, directly or indirectly, to IPPs, the IPPs' Complaints should be dismissed as to SKF USA for failure to state a claim.

### B.   OTHER DEFENDANTS' GUILTY PLEAS PROVIDE NO BASIS FOR AN INFERENCE AGAINST SKF USA

In *Wire Harnesses I*, this Court viewed "allegations of a conspiracy plausible based upon the market structure, the government investigations, *and the guilty pleas*."  2013 WL 2456584 at *7 (emphasis added).  This Court made its reliance on the guilty pleas even more explicit in *Wire Harnesses II*, stating that it "looks beyond each allegation, standing alone, to the guilty pleas that demonstrate an express agreement existed to fix prices and allocate customers in a market with conditions ripe for conspiratorial conduct."  2013 WL 2456612 at *7.  Those eleven guilty pleas provided specific facts detailing the admissions of conspiracy by many defendants, the specific products affected, the methods of communications among members and specific meetings among

competitors.

In stark contrast, the two Plea Agreements here lack any such facts about other Defendants, and are entirely devoid of any mention of SKF USA or any SKF entity. *See United States of America v. NSK Ltd.*, 13-cr-00103-HJW, Doc. 3 (S.D. Oh. September 26, 2013) (Exhibit E); *United States of America v. JTEKT Corporation*, 13-cr-00104-HJW, Doc. 3 (S.D. Oh. September 26, 2013) (Exhibit F) (collectively, "Plea Agreements"). The scope of the conspiracy to which these two companies agreed to plead guilty is quite narrow and relates only to sales of bearings by Japanese defendant companies to certain Japanese automobile and component manufacturers. The Plea Agreements provided that JTEKT and NSK agreed to plead guilty to:

> participating in a conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to allocate markets, rig bids for, and to fix, stabilize, and maintain the prices of bearings sold to Toyota Motor Company, certain subsidiaries, and other Japanese automobile manufacturers and Japanese automobile component manufacturers . . . in the United States and elsewhere[.]

Plea Agreements at ¶ 2. This language provides no factual support for IPPs' claims against SKF USA, and indeed demonstrates that SKF USA is beyond even the outer fringes of the conspiracy allegations IPPs have any facts to support. The Plea Agreements, and the Complaints themselves, contain no facts to suggest that SKF USA (a U.S. based subsidiary of a Swedish corporation, Dealership CAC ¶¶ 133-34 and EP CAC ¶¶ 90-91) sold bearings to Toyota Motor Company or any Japanese automobile or component manufacturer for that matter.

The Dealership Complaint, and only the Dealership Complaint, does allege that Toyota was one of several of "SKF's main customers". Dealership CAC ¶ at 156. That complaint, however, refers to the SKF entities collectively, and fails to allege that SKF USA sold bearings to Toyota or other Japanese manufacturers or that it did so in the U.S. Plaintiffs are not

permitted to escape their burden of alleging that each defendant participated in or agreed to join

the conspiracy by grouping a number of defendants together as corporate families or simply as

defendants.  Rep. & Rec., *Precision Associates, Inc. v. Panalpina World Transport (Holding)*

*Ltd.*, 08-CV-42 (E.D.N.Y. Jan. 4, 2011), ECF No. 468, at 30 ("*Freight Forwarding*") at 28-41

(concluding that dismissal was required because "plaintiffs' method of 'lumping' or 'grouping'

corporate families impermissibly ignore[d] corporate separateness"; plaintiffs choosing "to

define certain defendants in the definition section of the Complaint and then refer[ring] to them

in subsequent allegations by reference to a defined corporate entity or to 'defendants' generally"

failed to meet basic pleading requirements) (Exhibit G); *In re Penn. Title Ins. Antitrust Litig.*,

648 F. Supp. 2d 663, 688-89 (E.D. Pa. 2009)  (dismissing claims where plaintiffs had improperly

lumped defendants together by corporate family); *In re TFT-LCD* (Flat Panel) Antitrust

Litigation, 586 F. Supp. 2d 1109, 1115, 1117 (N.D. Cal. 2008) (same, with respect to grouping

as corporate families or "defendants"); *Invamed, Inc. v. Barr Laboratories, Inc*., 22 F. Supp. 2d

210, 221 (S.D.N.Y. 1998) (dismissal required where there are no allegations that a parent

corporation acted at all, outside of allegations of collective "defendants" generally).  To the

extent this bare allegation supports any inference against SKF USA, which it should not, it is

limited to the Dealership Action.

  The Plea Agreements at most support only the existence of an agreement by the pleading

defendants to fix prices in a narrow market involving bearings sold to Japanese manufacturers

and not the expansive conspiracy alleged in the IPPs' Complaints.  The IPPs' Complaints simply

fail to link SKF USA to the narrow market identified in the Plea Agreements.  To the extent IPPs

would have this Court infer guilt by association based on the allegation that SKF USA was being

investigated, that argument fails because SKF USA has not pled guilty or agreed to plead guilty

and there is no basis for inferring that any alleged investigation into its conduct is connected to the sale of bearings to Japanese automobile and component manufacturers. Ultimately, as stated above, the mere allegation of an investigation cannot save a factually deficient complaint. *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1024.

Even when the Plea Agreements are considered as part of the broader factual context, as both *Twombly* and this Court's *Wire Harnesses I and II* decisions require, no factual basis emerges to support a plausible inference that SKF USA was involved in the alleged global conspiracy to fix bearings prices in the United States. *See In re Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 979 (N.D. Iowa 2011) (concluding allegations of guilty pleas did not support allegations of "'overarching' conspiracy among all" defendants).

## II. SKF USA MUST BE DISMISSED FROM THE END-PAYOR ACTION BECAUSE THE COMPLAINT FAILS TO NAME SKF USA IN ANY COUNT.

SKF USA must be dismissed from the End-Payor action because it is not named in any of the four claims for relief in the End-Payor Complaint. Each of the four counts is pled against "Defendants." *See* EP CAC ¶¶ 196-258. But the End-Payor Complaint defines the term "Defendants" to exclude SKF USA: "Defendants JTEKT Corporation, Nachi-Fujikoshi Corp., NSK Ltd., Schaeffler AG, AB SKF, NTN Corporation and NTN USA Corporation (all as defined below, and collectively 'Defendants') manufacture, market, and sell Automotive Bearings throughout the United States." *Id.* ¶ 4. The four claims for relief made against "Defendants" — as well as all other allegations in the Complaint against "Defendants" — are not pled against SKF USA.

Because SKF USA is not named in any of the counts in the End-Payor Complaint, the End-Payor plaintiffs have not stated a claim for relief against SKF USA, and SKF USA must be dismissed. *See, e.g.*, *Tran v. Mich. Dep't of Human Servs.*, No. 2:07-cv-13232, slip op. at 3, 5

- 9 -

(E.D. Mich. Mar. 24, 2008) (Doc. # 111) (recommending dismissal of defendant because, among other reasons, it "is not named in any count"), *adopted* 2008 WL 1793940 (E.D. Mich. Apr. 18, 2008) (Exhibit H); *Dang v. Quicken Loans*, No. RDB-12-3342, 2013 WL 1683910, at *1 n.1, *7-8 (D. Md. Apr. 17, 2013) (dismissing defendant from action because the complaint failed to name the defendant in any of the counts) (Exhibit I); *Tucker v. Thomas*, 853 F. Supp. 2d 576, 594 (N.D.W.Va. 2012) (same); *Keane v. Navarro*, 345 F. Supp. 2d 9, 12 (D. Mass. 2004) (same); *Servpro Indus., Inc. v. Schmidt*, 905 F. Supp. 475, 478 (N.D. Ill. 1995) (same); *McNamara v. Guinn*, No. 99-2853, 2000 WL 1222128, at *4 (N.D. Ill. Aug. 23, 2000) ("Neither the Village nor Wendt are liable under Count II, and since Wendt is not named in any other count, he is dismissed from this lawsuit.").

## CONCLUSION

For each of the reasons stated above and in Defendants' Collective Motion to Dismiss the End Payors' Corrected Consolidated Amended Class Action Complaint and the Dealership Consolidated Class Action Complaint, SKF USA respectfully requests that the IPPs' Complaints be dismissed as against it with prejudice.

Respectfully submitted,

REED SMITH LLP

By: _s/ Debra H. Dermody_____
    Debra H. Dermody

    225 Fifth Avenue
    Pittsburgh, PA  15222
    Telephone:  (412) 288-3302
    Fax:         (412) 288-3063
    Email:  ddermody@reedsmith.com

DYKEMA GOSSETT PLLC


By: _s/  Howard B. Iwrey_____
    Howard B. Iwrey (P39635)

Brian M. Moore (P58584)
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone:  (248) 203-0526
Fax:           (248) 203-0763
Email:  hiwrey@dykema.com
              bmoore@dykema.com

*Attorneys for Defendant*
*SKF USA Inc.*

Dated:  December 2, 2013

## CERTIFICATE OF SERVICE

I, Debra H. Dermody, an attorney, hereby certify that on December 2, 2013, I caused a true and correct copy of the foregoing **MOTION TO DISMISS THE DEALERSHIP AND END-PAYOR COMPLAINTS AND ACCOMPANYING BRIEF**, to be filed and served electronically via the ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail or first class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.


December 2, 2013                              /s/ Debra H. Dermody_____
                                             Debra H. Dermody